UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAYME SMITH,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>COLTIN CLARK, et al.,<br><br>　　　　Defendants. | CAUSE NO. 2:22-CV-64-JTM-JPK |

## OPINION and ORDER

Jayme Smith, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (DE # 11.) Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Smith is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Smith is presently incarcerated at New Castle Correctional Facility serving a sentence. He was granted until May 7, 2022, to file an amended complaint containing only related claims against related defendants. (DE # 10.) He responded by filing the

present pleading, which asserts claims against two diverse groups of defendants: the judge, court reporter, prosecutors, and others involved with his criminal case, and four officers at the Benton County Jail. He claims that the first group of defendants violated his rights "as a sovereign citizen," and the second group of defendants denied him access to legal materials, used excessive force against him, and did not give him proper medical care while he was a pretrial detainee at the jail.

Mr. Smith was previously told that unrelated claims against different defendants belong in different lawsuits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). As the Seventh Circuit has explained:

> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner. . . . [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits.

*Id.*; *see also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017) (plaintiff's "scattershot strategy" of filing an "an omnibus complaint against unrelated defendants . . . is unacceptable"). The Seventh Circuit has directed district courts to ensure that prisoners are not permitted to lump unrelated claims together in one lawsuit so as to avoid the provisions of the Prison Litigation Reform Act, including payment of filing fees. *See Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021).

When a plaintiff files a complaint with unrelated claims, the court's preferred course is to allow him to choose which related claims to pursue in the present case, as well as to decide whether to bring the other claims in separate suits. *See Owens*, 878 F.3d

2

at 566; *see also Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (holding that district court may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants."). Here, however, the court gave Mr. Smith an opportunity to choose, but he responded by reasserting all of his unrelated claims in the same complaint. Therefore, the court will proceed to screen the claims against the first group of defendants. The remaining claims involving events occurring at the Benton County Jail will be dismissed without prejudice.[1]

Mr. Smith alleges that "[i]n between the time of 2017 and 2020, the employees of Benton Corporation," specifically, a judge, probation officer, two county prosecutors, a court reporter, and other court staff "defrauded me as a naturalized man, a natural born human being" or "common law man." He states that he is a "sovereign citizen with rights and inherent power." He claims the above defendants violated his rights by "ordering county departments to 'kidnap' and hold me against my will as a hostage for ransom." (DE # 11 at 3.)

Suits filed under 42 U.S.C. § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Mr. Smith does not make clear exactly when the events underlying his claims occurred, other than to state that it was between "2017 and 2020." He filed his original complaint in December 2021, and any claim pertaining to events occurring in

---

[1] Because it is unclear whether Mr. Smith wishes to proceed with additional lawsuits, and because the Prison Litigation Reform Act will require him to pay the complete filing fee for any additional suit that is initiated, the court declines to sever his complaint into different cases and will instead dismiss his unrelated claims without prejudice.

December 2019 or earlier would be outside the two-year window. Although untimeliness is an affirmative defense, dismissal at the pleading stage is permitted where it is evident from the face of the complaint that the claims are untimely. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). To the extent Mr. Smith is trying to sue over events occurring in a criminal case in 2017, 2018, or the early part of 2019, his claims are clearly untimely.[2]

Assuming he has some claim against these defendants that is not time-barred, it is evident that he is trying to assert a claim based on his alleged status as a "sovereign" citizen. A claim that he is a "sovereign" citizen entitled to special rights or not subject to laws of general applicability is patently frivolous. *Jones-Bey v. State*, 847 F.3d 559, 559–61 (7th Cir. 2017); *United States v. Benabe*, 654 F.3d 753, 767 (7th 2011). Aside from this, his claim that a judge, two prosecutors, and other court staff held him hostage for ransom are in the realm of "fantastic" or "delusional" and do not state a plausible constitutional claim. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002).

Ordinarily, the court should afford a *pro se* litigant an opportunity to cure his defective pleadings before dismissing the case. *Abu-Shawish v. United States*, 898 F.3d

---

[2] Public records reflect that Mr. Smith had multiple criminal charges initiated against him during this period. He had child molestation charges brought against him in 2017, was found guilty by a jury in 2020, and was sentenced to 12 years in prison. *Indiana v. Smith*, No. 04C01-1705-F4-000096 (Benton Cir. Ct. closed July 1, 2020). In 2017, he was separately charged with display of matter harmful to a minor, was found guilty by a jury in 2018, and was sentenced to two years in prison. *Indiana v. Smith*, No. 04C01-1705-F4-000095 (Benton Cir. Ct. closed July 10, 2018). He also had a charge for failure to appear brought against him in 2018 that remains pending. *Indiana v. Smith*, No. 04C01-1808-F6-000152 (Benton Cir. Ct. filed Aug. 16, 2018). The defendants, including the judge, appear to have been involved in one or more of these cases.

4

726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, the court is not required to grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Mr. Smith has already been afforded one opportunity to amend his complaint, and the court finds no basis to believe that if given another opportunity, he could assert a plausible constitutional claim against these defendants, consistent with the allegations he has already made under penalty of perjury.

For these reasons, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A. The plaintiff's unrelated claims against defendants Coltin Clark, Patty Clouse, Cindy A. Hamilton, and Robin Hobbs are **DISMISSED WITHOUT PREJUDICE**.  The clerk is **DIRECTED** to close the case.

                                                    **SO ORDERED.**

DATED: May 26, 2022

                                      s/James T. Moody
                                      JUDGE JAMES T. MOODY
                                      UNITED STATES DISTRICT COURT